UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BILLY JOHNSON,

                Plaintiff,                                  Hon. Janet T. Neff

v.                                                    Case No. 1:15-cv-449

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.


## **PROCEDURAL POSTURE**

Plaintiff was 35 years of age on his alleged disability onset date.  (PageID.155).  He successfully completed high school and has no past relevant work.  (PageID.43).  Plaintiff applied for benefits on May 8, 2012, alleging that he had been disabled since April 1, 2012, due to migraines, learning disability, sleeping disorder, depression, obesity, and bad left hip.  (PageID.155-60, 178).  Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (PageID.92-153).

On August 21, 2013, Plaintiff appeared before ALJ Michael Condon with testimony being offered by Plaintiff and a vocational expert.  (PageID.48-91).  In a written decision dated August 21, 2013, the ALJ determined that Plaintiff was not disabled.  (PageID.34-44).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (PageID.26-28).  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1]1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) residuals of pin placement to repair a slipped capital femoral epiphysis in the left hip;[2] (2) obesity; (3) mood disorder; and (4) a history of substance abuse, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.36-38).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) he cannot lift/carry more than 10 pounds; (2) he cannot sit for more than 6 hours during an 8-hour workday; (3) he cannot stand for more than 4 hours during an 8-hour workday; (4) he cannot climb ladders, ropes, scaffolds, stairs, or ramps; (5) he cannot kneel, crouch, or crawl; (6) he cannot use the left lower extremity to operate leg/foot controls; (7) he cannot work with even moderate exposure to hazards (unprotected heights, dangerous moving machinery, etc.); and (8) he cannot perform more than simple, routine tasks.  (PageID.38).

The ALJ found that Plaintiff has no past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on

---

[2]  Slipped capital femoral epiphysis is "one of the most common developmental conditions of the hip joint." *Slipped Capital Femoral Epiphysis (SCFE)*, available at http://www.childrenshospital.org/conditions-and-treatments/conditions/slipped-capital-femoral-epiphysis (last visited on April 12, 2016).  In SCFE, "a weakness of the growth plate (physis) in the upper end of the thigh bone (femur) causes the head, or 'ball,' of the thigh bone (femoral head, epiphysis) to slip off the neck of the thigh bone, much as a scoop of ice cream can slip off the top of a cone."  *Id.*

this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 21,100 jobs in the state of Michigan, and approximately 276,000 jobs nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.82-89). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

**I.        Plaintiff does not Satisfy Section 1.02A of the Listing of Impairments**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff asserts that the ALJ erred by failing to find that he satisfied the requirements of section 1.02A of the Listing of Impairments. Section 1.02A of the Listing applies to:

Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity. . .and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).  With:

A.      Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

20 C.F.R., Part 404, Subpart P, Appendix 1 § 1.02.

Section 1.00(B)(2)(b) provides, in relevant part, as follows:

(1) Definition.  Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.  (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)

(2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living.  They must have the ability to travel without companion assistance to and from a place of employment or school.   Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail.  The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.00.

Plaintiff asserts that he satisfies this Listing because he "has problems walking." While Plaintiff experiences a serious hip impairment which undoubtedly impacts his ability to walk, the record reveals that Plaintiff has nevertheless not lost the ability to ambulate effectively.

X-rays of Plaintiff's left hip, taken January 4, 2012, revealed "some deformity to the left femoral head, with osteophyte formation," but "no significant arthritic changes are evident and no acute abnormalities are demonstrated." (PageID.264). It was further noted that the condition of Plaintitff's hip had not changed since July 15, 2009. (PageID.264). An August 31, 2012 examination revealed no evidence of sensory or motor deficiencies in Plaintiff's lower extremities. (PageID.281). Plaintiff's stance was characterized as "normal" and the doctor noted that Plaintiff was able to ambulate without difficulty. (PageID.281). The doctor specifically reported that Plaintiff did not need a "walking aid" to ambulate. (PageID.283). As for Plaintiff's ability to work, the doctor concluded that "a typical factory job on his feet all day with pivoting and bending may be excessively painful at this point." (PageID.281). Treatment notes dated August 7, 2013, indicate that while Plaintiff was experiencing difficulty with his hip he was still capable of performing sedentary work. (PageID.346). At the administrative hearing, Plaintiff testified that he does not take pain medication and is able to walk "a couple blocks" without the use of an assistive device. (PageID.75-79). Plaintiff also testified that he coaches his son's football team and helps with chores around the house. (PageID.77, 80-81). Plaintiff reported that he could perform sedentary work, but did not believe he could be hired for such work in light of his criminal history. (PageID.80).

Plaintiff bears the burden of establishing that he satisfies the requirements of a listed impairment. *See*, *e.g.*, *Bingaman v. Commissioner of Social Security*, 186 Fed. Appx. 642, 645 (6th Cir., June 29, 2006). The ALJ concluded that Plaintiff failed to carry his burden that he satisfied this

particular Listing.  In light of the evidence discussed above, the Court finds that this determination is supported by substantial evidence.  Accordingly, this argument is rejected.

## II.        The ALJ Properly Developed the Record

Plaintiff also suggests that the ALJ failed to properly develop the record in this matter.  Plaintiff argues that because he was unrepresented at the administrative hearing, the ALJ had a heightened duty to develop the record.

While the claimant bears the ultimate burden of establishing that he is entitled to disability benefits, the ALJ has an affirmative duty to develop the factual record upon which his decision rests, regardless whether the claimant is represented.  *See*, *e.g.*, *Wright-Hines v. Commissioner of Social Security*, 597 F.3d 392, (6th Cir. 2010) (citation omitted) ("[t]his court has also long recognized an ALJ's obligation to fully develop the record"); *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1051 (6th Cir. 1983) (the ALJ has "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing").

However, where the claimant is unrepresented, is incapable of "presenting an effective case," and is "unfamiliar with hearing procedures," the ALJ has "a special, heightened duty to develop the record." *Nabours v. Commissioner of Social Security*, 2002 WL 31473794 at *3 (6th Cir., Nov. 4, 2002) (citing *Duncan v. Sec'y of Health and Human Services*, 801 F.2d 847, 856 (6th Cir. 1986) and *Lashley*, 708 F.2d at 1051-52).  This heightened duty arises from the remedial nature of the Social Security Act, as well as the recognition that "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley*, 708 F.2d at 1051 (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  To satisfy this duty, the ALJ

must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," and must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Lashley*, 708 F.2d at 1052 (citations omitted).

Because this assessment is not readily amenable to the application of bright line tests, whether the ALJ has satisfied this special duty is to be determined on a case-by-case basis. *See Osburn*, 1999 WL 503528 at *7 (citation omitted). The absence of a bright line test does not mean, however, that the Court is without guidance when making this assessment. To the contrary, courts have articulated several concerns relevant to this determination.

First, reversal of the ALJ's decision is not warranted simply because an attorney would have better developed the record. Instead, "the key inquiry is whether the administrative law judge fully and fairly developed the record through a conscientious probing of all relevant facts." *Rowden v. Chater*, 1996 WL 294464 at *1 (6th Cir., June 3, 1996). Failure by an ALJ to fully develop the factual record in a particular matter is often evidenced by superficial or perfunctory questioning, as well as a failure to obtain all available medical records and documentation. *See*, *e.g.*, *Lashley*, 708 F.2d at 1052 (where the claimant "was only superficially questioned concerning his daily activities and his physical limitations," the ALJ failed to "fulfill his duty to develop *fully* the record").

Plaintiff does not argue that the ALJ failed to obtain all the available medical records and documentation. Instead, Plaintiff argues that the ALJ failed to sufficiently question him "about his capacity for walking." A review of the administrative hearing transcript, however, belies this argument. The ALJ had clearly reviewed Plaintiff's medical records prior to the hearing and was conversant regarding the specific nature of Plaintiff's hip impairment and his previous treatment.

(PageID.64). Furthermore, the ALJ questioned Plaintiff at length regarding his hip impairment and his ability to walk and function on a daily basis. (PageID.64-82). The Court concludes that the ALJ properly developed the record in this matter. This argument is, therefore, rejected.

## <u>CONCLUSION</u>

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  April 15, 2016

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge